**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSE C. SALAZAR** | § | |
| **MONTEMAYOR,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CA 1:24-CV-1370-RP** |
| | § | |
| **ROBERT RAY KRONTZ,** | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court are Defendant's No Evidence Motion Summary Judgment (Dkt. 19, Mot.),[1] Plaintiff's Response (Dkt. 24, Resp.), and Defendant's Response to Plaintiff's Motion for Leave to File Plaintiff's Response to Defendant's No Evidence Motion for Summary Judgment (Dkt. 23, Repl.), which the court construes as a reply brief.[2] After reviewing the pleadings, the relevant case law, and determining a hearing is unnecessary, the undersigned submits the following Report and Recommendation to the District Judge.

**I.    BACKGROUND**

This is a simple case. Plaintiff Jose C. Salazar Montemayor brings this negligence suit against Defendant Robert Ray Krontz. Dkt. 1-5 (Compl.) ¶¶ 7.1-8.2.[3] The following facts are undisputed. Salazar Montemayor and Krontz were both traveling southbound on I-35, Salazar

---

[1] The motion for summary judgment was referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Order Dated April 24, 2026.

[2] The District Judge granted Plaintiff's motion for leave. Dkt. 21; Text Order dated April 7, 2026. As the proposed responsive brief was attached to the motion for leave, Defendant's response to the motion for leave ended with reply arguments in support of his summary judgment motion. Repl. at 6-8.

[3] Salazar Montemayor named additional defendants in his Complaint, but any claims against them were dismissed for want of prosecution. Dkt. 26.

1

Montemayor in a red van and Krontz in a tractor trailer. Compl. ¶¶ 5.1-5.2; Mot. Exh. 1 (Def's Police Report); Mot. Exh. 3 (Krontz Decl.); Resp. Exh. C (Plaintiff's Police Report); Resp. Exh. B (Salazar Montemayor Decl.). Salazar Montemayor experienced a tire blowout. Compl. ¶ 5.3; Mot. Exh. 1 (Def's Police Report); Mot. Exh. 3 (Krontz Decl.) ¶ 5; Resp. Exh. C (Plaintiff's Police Report); Resp. Exh. B (Salazar Montemayor Decl.) ¶ 3. Salazar Montemayor's van stopped in Krontz's lane, and Krontz's truck struck Salazar Montemayor's van. Compl. ¶ 5.3; Mot. Exh. 1 (Def's Police Report); Mot. Exh. 3 (Krontz Decl.) ¶¶ 5, 6; Resp. Exh. C (Plaintiff's Police Report); Resp. Exh. B (Salazar Montemayor Decl.) ¶ 5.

The purported factual dispute is also simple. Salazar Montemayor contends, despite his tire blow out, he maintained complete control over his van and the crash was Krontz's fault because Krontz was negligent in controlling his tractor trailer. Compl. ¶ 5.3; Resp. Exh. B (Salazar Montemayor Decl.) ¶¶ 3-5. Krontz asserts Salazar Montemayor attempted to pass him, swerved sharply into the middle lane ahead of Krontz, causing Salazar Montemayor's tire to blow out. Mot. Exh. 3 (Krontz Decl.) ¶ 5. The blowout caused Salazar Montemayor's van to fishtail, and Salazar Montemayor's car came to an abrupt stop in front of Krontz. Despite Krontz's attempts to decelerate, he was unable to stop in time and struck Salazar Montemayor's van. Mot. Exh. 3 (Krontz Decl.) ¶ 6.

Salazar Montemayor asserts claims for negligence and gross negligence against Krontz. Compl. ¶¶ 7.1—8.2. Krontz now moves for summary judgment, arguing that Salazar Montemayor has no evidence of Krontz's negligence and the sudden emergency doctrine creates an inferential rebuttal that refutes any negligence by Krontz.

**II.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004).

The court will view the summary judgment evidence in the light most favorable to the non-movant. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id*.

III.    APPLICABLE LAW

   A.    **Negligence and Gross Negligence**

Negligence actions in Texas require "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). "[T]he term 'negligence' means the doing of that which a person of ordinary prudence would not have done under the same or similar circumstances, or the failure to do that which a person of ordinary prudence would have done under the same or similar circumstances." *20801, Inc. v. Parker*, 249 S.W.3d 392, 398 (Tex. 2008).

Gross negligence is the breach of duty involving an extreme degree of risk, considering the probability and magnitude of the potential harm to others (an objective element) when the actor has actual awareness of the risk involved but nevertheless proceeds in conscious indifference to the rights, safety, or welfare of others (a subjective element). *Gen. Motors Corp. v. Sanchez*, 997 S.W.2d 584, 595 (Tex. 1999).

Gross negligence is not an independent cause of action; rather, ordinary negligence and gross negligence are "inextricably intertwined"—gross negligence is contingent upon an affirmative finding of ordinary negligence. *Pecan Valley Mental Health Mental Retardation Region Operating as Pecan Valley Centers for Behav. & Developmental Healthcare v. Doe*, 678 S.W.3d 577, 594 (Tex. App. 2023). Thus, in the absence of negligence, there can be no gross negligence. *Id*.

While the law provides that a motorist driving behind another vehicle "must drive at a reasonable speed, keep back a reasonable distance, and keep his vehicle under reasonable control to provide for the contingency that a vehicle in front suddenly stop[s], . . . the mere occurrence of

4

a rear-end collision will not present evidence of negligence as a matter of law." *DeLeon v. Pickens*, 933 S.W.2d 286, 289 (Tex. App. 1996); *Benham v. Lynch*, No. 04-09-00606-CV, 2011 WL 381665, at *7 (Tex. App. Feb. 2, 2011). Rather, whether a rear-end collision raises an issue of negligence or establishes negligence as a matter of law depends on all the facts and circumstances of the case. *DeLeon*, 933 S.W.2d at 289; *Benham*, 2011 WL 381665, at *7.

### B.    Sudden Emergency Doctrine

Sudden emergency is an inferential rebuttal defense, not an affirmative defense that must be pleaded. *Dillard v. Tex. Elec. Co–Op.*, 157 S.W.3d 429, 433–34 (Tex. 2005). An inferential rebuttal defense operates to rebut an essential element of the plaintiff's case by proof of other facts. *Id*. at 430. The purpose of a sudden emergency instruction is to advise the jurors that if the evidence shows that conditions beyond the party's control caused the accident in question, or that the conduct of some person not a party to the litigation caused it, the jury need not blame a party. *Benham*, 2011 WL 381665, at *6.

A "sudden emergency" exists when (1) an emergency situation arises suddenly and unexpectedly, (2) the emergency situation was not proximately caused by the negligent act or omission of the person whose conduct is under inquiry, and (3) after an emergency situation arose that to a reasonable person would have required immediate action without time for deliberation, the person acted as a person of ordinary prudence would have acted under the same or similar circumstances. *City of Houston v. Gonzales*, 682 S.W.3d 921, 929–30 (Tex. App. 2024).

**IV.    ANALYSIS[4]**

Krontz argues that Salazar Montemayor has no evidence that Krontz's negligence caused the crash. In support of his Motion, Krontz submits a copy of the police report, Mot. Exh. 1 (Def's Police Report); his own declaration, Mot. Exh. 3 (Krontz Decl.); and Salazar Montemayor's response to Krontz's interrogatories, Mot. Exh. 5. In response to Krontz's Motion, Salazar Montemayor submitted his own affidavit, Resp. Exh. B (Salazar Montemayor Decl.); a copy of the police report, Resp. Exh. C (Plaintiff's Police Report), and a copy of Krontz's Declaration, Resp. Exh. D.

The police report's written description of the accident provides:



Mot. Exh. 1 (Def's Police Report); Mot. Exh. 3 (Krontz Decl.); Resp. Exh. C (Plaintiff's Police Report). Both sides agree the narrative includes a typographical error, and the second-to-last sentence should read, "Unit 2 could [not] stop his truck in time to avoid the collision." Mot. at 3;

---

[4] A fair portion of both sides' briefing addresses whether Salazar Montemayor has been diligent in litigating this case. The undersigned is not going to address those disputes, but the undersigned notes that Salazar Montemayor was not deposed.

Resp. ¶ 17. The court notes that reference was made to a dash-cam video from Krontz's truck, but that video was not submitted as evidence. *See* Resp. ¶ 7.

Krontz stated in his declaration that he moved to the center lane when he noticed that traffic was slowing down. Mot. Exh. 3 (Krontz Decl.) ¶ 3. Krontz also states that after Salazar Montemayor's tire blew out and the van fishtailed across the lanes, Krontz remained in the center lane, decelerated to 10 miles an hour but was unable to completely stop before he hit the van, which had stopped in his lane. Mot. Exh. 3 (Krontz Decl.) ¶¶ 5-7. In contrast, Salazar Montemayor asserts he "maintain[ed] control of [his] vehicle" and "manage[d] [his] vehicle's path following the blow out." ¶¶ 3-4. Salazar Montemayor states he "believe[s] the collision occurred because Defendant Krontz was not paying attention to the traffic conditions ahead of him as other vehicles, including 18-wheeler drivers were able to avoid striking my van, and took timely evasive action." Resp. Exh. B (Salazar Montemayor Decl.) ¶ 5. Although Krontz opposed Salazar Montemayor filing a late Response, Krontz did not object to Salazar Montemayor's evidence. Repl.

Krontz states that after Salazar Montemayor's tire blew out, Salazar Montemayor's vehicle came to an abrupt stop in the middle lane. Although Salazar Montemayor disputes that he lost control of his vehicle, he does not dispute that he came to abrupt stop in Krontz's lane. Salazar Montemayor recognizes that Krontz was driving an 80,000-pound vehicle but contends that had Krontz "been maintaining a proper lookout and a safe following distance . . . he could have safely changed lanes or braked to avoid hitting me." Resp. Exh. B (Salazar Montemayor Decl.) ¶ 6. To support this, Salazar Montemayor states other drivers were able to avoid him. Resp. Exh. B (Salazar Montemayor Decl.) ¶ 5. Notably, Salazar Montemayor does not describe that Krontz was following him too closely, nor does he describe that Krontz had adequate time

and space to stop without hitting him. Nor does Salazar Montemayor describe Krontz's positioning, speed, and size relative to other drivers who were able to avoid him. Salazar Montemayor does not deny that just before the tire blow out, he changed lanes to be directly in front of Krontz. Nor does he explain why he stopped in the middle lane, as opposed to a shoulder on either side, if he was able to "maintain control of [his] vehicle" and "safely manage [his] vehicle's path following the blow out." Resp. Exh. B (Salazar Montemayor Decl.) ¶¶ 3-4.

In his response, Salazar Montemayor argues that because the police report noted that Krontz could not stop in time, there must be a fact issue as to whether Krontz was following too closely. But this logic does not follow. *See DeLeon*, 933 S.W.2d at 289 ("the mere occurrence of a rear-end collision will not present evidence of negligence as a matter of law"); *Benham*, 2011 WL 381665, at *7 (same). Salazar Montemayor also argues that a reasonably prudent driver is required to attempt evasive maneuvers or a lane change to avoid a stopped vehicle, "especially when the roadway is straight and clear." Resp. ¶ 20. But there is no evidence in the record that the roadway was straight or clear. Moreover, Salazar Montemayor fails to point to any facts that suggest Krontz could have safely avoided him. The sum total of Salazar Montemayor's evidence that Krontz's negligence caused the accident is Salazar Montemayor's statement that "I believe the collision occurred because Defendant Krontz was not paying attention to the traffic conditions ahead of him as other vehicles, including 18-wheeler drivers were able to avoid striking my van, and took timely evasive action." Resp. Exh. B (Salazar Montemayor Decl.) ¶ 5.

This is insufficient to raise a genuine issue for trial as to Krontz's negligence. Setting aside the dispute of whether Salazar Montemayor lost control of his vehicle, this is not even a "he-said/he-said" dispute. Apart from whether Salazar Montemayor lost control of the van, Salazar Montemayor does not contest any fact stated in Krontz's declaration. Salazar

Montemayor merely says, with no other evidence and no described facts to support his claim, that he believes Krontz was negligent. That is not enough to survive summary judgment.

## V.   RECOMMENDATIONS

The court **RECOMMENDS** that the District Judge **GRANT** Defendant's No Evidence Motion Summary Judgment (Dkt. 19, Mot.).

## VI.   OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Sers. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED May 7, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

9